IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TYRICKA LAVON CALLOWAY, #174 732,<br>　　Plaintiff,<br><br>　　v.<br><br>WARDEN RENE MASON, *et al.*,<br><br>　　Defendants. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO.:  2:13-CV-311-TMH<br>)                           [WO]<br>)<br>)<br>) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate proceeding *pro se*, is currently confined at the Bullock Correctional Facility located in Union Springs, Alabama. He brings this 42 U.S.C. § 1983 action alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged due to the conduct and actions of Defendants. The named Defendants include Warden René Mason, Warden Sandra Giles, Warden Kenneth Jones, and Correctional Officers Jeremiah Thomas, Cobb, Daniel Gay, Eric Williams, Armstead, Ivan Johnson, and Anthony Allen. Plaintiff seeks injunctive relief, damages, trial by jury, and costs. Upon consideration of the complaint, the court concludes that dismissal of some of Plaintiff's claims prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

*A. Failure to Protect/Breach of Duty*

Plaintiff complains that Defendants breached a duty to care for and protect his safety. In support of this allegation, Plaintiff maintains that since May 3, 2012 Defendants have either introduced or allowed to be introduced cellular phones into the Bullock Correctional Facility thereby breaching the overall safety and security of the prison in general and Plaintiff in particular. In support of this claim, Plaintiff maintains that Defendants' alleged improper conduct caused him to be charged with a false disciplinary for possession of a cell phone. (*Doc. No. 1.*)

Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care; and they must take reasonable measures to guarantee the safety of the inmates in their custody. *See Farmer v. Brennan,* 511 U.S. 825 (1994). When considering a claim regarding prison conditions, including claims that prison officials failed to protect an inmate-plaintiff, the court must consider "whether society considers the risk . . . to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). To prevail on a failure to protect claim, the plaintiff-inmate must show that he was incarcerated "under conditions posing a substantial risk of serious harm" and that the defendant prison officials were deliberately indifferent to the his health and safety. *Id.* In other words, it is only a prison official's deliberate

indifference to a substantial risk of serious harm to an inmate that constitutes cruel and unusual punishment as prohibited by the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25 (1993); *Wilson v. Seiter*, 501 U.S. 294 (1991); *Estelle v. Gamble*, 429 U.S. 97 (1976). Thus, to establish a failure to protect claim, a prisoner must prove both that he is incarcerated under conditions posing a substantial risk of serious harm and that the prison officials were deliberately indifferent to his need for protection. *Farmer*, 511 U.S. at 832-33. A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

Here, Plaintiff's factual allegations do not demonstrate any substantial risk of serious harm that Defendants were subjectively aware of and failed to protect him from. Insofar as Plaintiff claims that officials failed to protect him by subjecting him to false disciplinary action over which he implies he had no control, the court notes that he does not have any protected liberty interest in being reported or punished for conduct which he did not commit. *See Collins v. King*, 743 F.2d 248 (5th Cir. 1984). Having failed to show that Defendants were deliberately indifferent, Plaintiff's failure to protect claim is due to be denied as frivolous. *Neitzke v. Williams*, 490 U.S. 319 (1989).

To the extent Plaintiff complains that Defendants' conduct as described above amounts to negligence, he is entitled to no relief. The Constitution is not implicated by negligent acts of an official causing unintended loss of life, liberty or property. *Daniels v.*

3

*Williams*, 474 U.S. 327 (1986). Thus, Plaintiff's claim that Defendants' negligence resulted in contraband turning up in his inmate property, at best, shows only a lack of due care by prison officials which is not actionable under 42 U.S.C. § 1983. The protections of the Constitution "are just not triggered by lack of due care by prison officials." *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels*, 474 U.S. at 333; *see also Whitley v. Albers*, 475 U.S. at 319 (holding that a violation of the Eighth Amendment must involve "more than an ordinary lack of due care for the prisoner's . . . . safety"). Based on the foregoing, the court concludes that the alleged negligent actions about which Plaintiff complains do not rise to the level of a constitutional violation and, therefore, provide no basis for relief in this 42 U.S.C. § 1983 action.

*B. Prison Conditions*

To the extent Plaintiff claims that the conditions of his confinement are unconstitutional due to the failure of Defendants to keep cell phones out of the prison, he is likewise entitled to no relief. Prison conditions amount to cruel and unusual punishment only when they result in "unquestioned and serious deprivation of basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). As explained, while it is the duty of prison officials to furnish prisoners with "reasonably adequate" food, clothing, shelter, and sanitation, *Newman v. Alabama*, 559 F.2d 283, 286 (5th Cir. 1977), *rev'd in part on other grounds*, 438 U.S. 781 (1978), the Constitution "does not mandate comfortable prisons," *Rhodes v.*

*Chapman*, 452 U.S. at 349. Accordingly, extreme deprivations are required to make out a conditions-of-confinement claim under the Eighth Amendment. *Chandler v. Crosby*, 379 F.3d 1278, 1298 (11th Cir. 2004). Plaintiff must "at the very least show that a condition of his confinement poses an unreasonable risk of serious damage to his future health or safety." *Id*. at 1289.

Viewed in light of these parameters, Plaintiff's vague contention does not adequately state an Eighth Amendment claim. Not only does he fail to support his claim with specific facts, but he also fails to indicate how Defendants' alleged actions subjected him to an unquestioned and serious deprivation of his basic human needs or that he was faced with an unreasonable risk of serious damage to his future health or safety as a result of the conditions about which he complains. Because Plaintiff has presented no specific facts which plausibly show that the alleged unconstitutional prison condition about which he complains has resulted in violation of his Eighth Amendment rights, the claim is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) ("[T]he complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

C. *Biased Disciplinary Hearing Officer*

Plaintiff states that Defendant Williams was involved with the search of his inmate

property on September 29, 2012 at which time a cell phone was discovered and confiscated as contraband. Thereafter, Plaintiff complains that Defendant William presided over his disciplinary hearing for possession of contraband which denied Plaintiff the right to an impartial disciplinary hearing officer. (*Doc. No. 1*.)

Mere familiarity with facts which have been gained in the performance of assigned duties or responsibilities does not disqualify an individual from serving as a hearing or reviewing officer. *Hortonville Joint Sch. Dist. No. 1 v. Hortonville Educ. Ass'n*, 426 U.S. 482 (1976). An administrative hearing or reviewing officer is presumed to be unbiased. *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). Any alleged bias must be evident from the record and cannot be based on speculation or inference. *See Nash v. Auburn Univ.*, 812 F.2d 655, 665 (11th Cir. 1987).

Here, Defendant Williams, as the hearing officer presiding over Plaintiff's infraction for possession of contraband, made credibility findings, a necessary task in the disciplinary hearing process. As the hearing officer, Defendant Williams was entitled to disbelieve any testimony of Plaintiff tending to disclaim ownership of the cell phone and to rely on the testimony of the arresting officer of it being amongst Plaintiff's belongings as a basis for concluding that Plaintiff possessed the cell phone. Plaintiff has attached relevant portions of the incident and disciplinary records which contain no basis for a finding of actual bias or prejudgment on the part of Defendant Williams. *See Doc. No. 1, Exhs. B, D*. There is no evidence from the complaint and documents submitted in support thereof that discloses

extreme conduct which deprived the disciplinary proceedings of fundamental fairness or which supports a conclusion that Defendant Williams prejudged the case. This claim is, therefore, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

*D. False Disciplinary*

Plaintiff complains that Defendant Gay falsely charged him with possession of contraband on September 29, 2012 after a cell phone was found amongst his personal property. According to the documents filed in support of the complaint, on October 3, 2012 Defendant Gay issued a disciplinary to Plaintiff for violating Rule #64 - possession of contraband. The circumstances under which the disciplinary was issued indicate that Officer Gay found Plaintiff in possession of a cell phone during a routine cell search. Plaintiff maintains, however, that on September 29, 2012 a routine search of his property by correctional officers failed to uncover any contraband. After the guards failed to find any contraband, Plaintiff contends that he was handcuffed and taken to the infirmary for a body chart while his personal property was left unattended. After realizing that Plaintiff's property had been left unsecured, Plaintiff claims that correctional officers returned to his assigned bed where they noticed other inmates going through his property. Correctional personnel conducted another search of his property at which time they found the cell phone. At the October 9, 2012 disciplinary hearing, hearing officer Eric Williams found Plaintiff guilty of violating Rule #64 and sanctioned him to 90 days loss of store and phone privileges, six

months loss of visiting privileges, and confinement to segregation for 45 days. Warden Sandra Giles approved the disciplinary action on October 12, 2012. (*Doc .No. 1, Exhs. D, F*.)

Plaintiff does not argue that Defendants violated his right to procedural due process with respect to his prison disciplinary proceedings, and, based on the documents submitted in support of the complaint, it does not appear that he could other than to claim he was found guilty despite disclaiming ownership of the contraband. *See Wolff v. McDonnell*, 418 U.S. 539 (1974); *see also Superintendent v. Hill*, 472 U.S. 445 (1985). Rather, Plaintiff seeks to challenge the result of the disciplinary proceeding by claiming that the disciplinary charge itself was false.

The law is settled that an allegation that an inmate has been wrongly reported or punished for conduct which he did not commit does not, without more, assert a valid claim of the denial of due process. *See Collins,* 743 F.2d 248. Thus, Plaintiff's claim regarding the allegedly false disciplinary report lacks merit. Moreover, the Supreme Court has held that prison regulations on confinement of inmates do not create a liberty interest enforceable in a § 1983 action. *Sandin v. Conner,* 515 U.S. 472 (1995). In *Sandin*, the Court determined that the added restraint of prison discipline "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Id.* at 486. "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to

judicial oversight." *Montanye v. Haymes*, 427 U.S. 236, 242 (1976).

Here, Plaintiff does not allege, much less indicate, that the temporary loss of privileges and assignment to segregation as a result of the misconduct charge subjected him to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Because Plaintiff has failed to show that these punishments implicated a liberty interest that required due process, he has not alleged deprivation of a protected liberty interest, and his complaints in relation thereto fail to state a due process claim based on the alleged false charge. *See id.* at 487; *see also Shelby v. Whitehouse*, 399 F. App'x 121 (7th Cir. 2010) (where prisoner plaintiff shared cell with four other inmates and one inmate had admitted that drugs found in the cell were his, disciplinary decision finding prisoner plaintiff guilty of possession was supported by "some evidence," since collective responsibility among prisoners is not unconstitutional).

*E. Preliminary Injunction*

Plaintiff's complaint contains a request for preliminary injunctive relief which the court considers a motion for preliminary injunction under Rule 65(a), *Federal Rules of Civil Procedure*. He requests a preliminary injunction requiring Defendants to expunge from his prison file the September 29, 2012 disciplinary infraction he received for possession of contraband and to prohibit impartial hearing officers from being a part of his disciplinary proceedings. Plaintiff also seeks a preliminary injunction to enjoin Defendants from

engaging in any further retaliatory acts against him. (*Doc. No. 1*.)

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court . . ." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).  The four prerequisites which Plaintiff must demonstrate to warrant issuance of a preliminary injunction are:  (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to the plaintiff outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public. *Id.*; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber & Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983).  "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites.  *See McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

For the reasons previously explained, Plaintiff has failed to demonstrate a meritorious claim based on the challenges made to this September 29, 2012 disciplinary proceedings. The court, therefore, finds that Plaintiff has not shown a substantial likelihood of success on the merits with respect to this request for preliminary injunctive relief.

With regard to Plaintiff's request for preliminary injunctive relief seeking to prohibit Defendants from engaging in any further retaliatory acts against him, the court finds from a review of the pending request that if Plaintiff's motion were to be granted, the resulting injunction would amount to a broad instruction to Defendants to obey the law. Plaintiff seeks an order directing Defendants to cease from taking any adverse action against him. Rule 65(d) of the Federal Rules of Civil Procedure requires requests for injunctions to be specific; an injunction which merely orders the defendants to obey the law is too broad and too vague to be enforceable. *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999). Because this request for injunctive relief does not conform to the specificity requirement of Rule 65(d) of the Federal Rules of Civil Procedure it is unenforceable and is due to be denied.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's May 7, 2013 pleading, considered to contain a motion for preliminary injunction (*Doc. No. 1*), be DENIED;

2. Plaintiff's § 1983 negligence, failure to protect, conditions, bias, and false disciplinary claims (Grounds 1, 2, 5, & 6) against the named defendants be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i & ii);

3. Plaintiff's complaint against Defendants Thomas, Cobb, Armstead, Johnson, and Allen be DISMISSED prior to service of process;

4. Defendants Thomas, Cobb, Armstead, Johnson, and Allen be DISMISSED as parties to the complaint; and

5. Plaintiff's retaliation and access to courts claims as asserted against the remaining defendants (Sandra Giles, René Mason, Kenneth Jones, Daniel Gay, and Eric Williams (Grounds 3 & 4) be referred back to the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before July 22, 2013**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 8th day of July, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE